**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATRICIA A. SCOTT,

                Plaintiff,

vs.                                                  Case No. 3:08-cv-404-J-33JRK

PHILIP R. YATES,

                Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Pro Se Plaintiff Patricia Scott's Amended Complaint (Doc. No. 6; "Am. Compl."), filed on June 25, 2008, and Affidavit of Indigency (Doc. No. 4), filed May 7, 2008, which the Court construes as a Motion for Leave to Proceed In Forma Pauperis.

**I.**     **Background / Procedural History**

On April 22, 2008, Plaintiff filed a complaint alleging that Defendant, a psychiatrist, discriminated against her in violation of the Americans with Disabilities Act ("ADA") of 1990. Doc. No. 1; "Compl." Her claim of discrimination primarily hinges on a particular visit to Defendant's office when, during psychological testing, Defendant allegedly refused to allow her to take a bathroom break or get up and walk around. Compl. at 2. Additionally, Plaintiff contends that Defendant slandered her by noting in a psychological report dated March 4,

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual allegations on appeal.

2004, that Plaintiff was mildly mentally retarded. Id. at 2, 8, 12.

Because Plaintiff's original Complaint appeared to be frivolous and seemingly failed to state a claim, the Court advised Plaintiff that her case was likely to be dismissed under 28 U.S.C. § 1915(e)(2)(B) and explained the reasons therefor. See Order of Jun. 10, 2008 (Doc. No. 5: "Order"). Plaintiff was afforded an opportunity to amend the Complaint to re-state her claims in accordance with applicable law. See id.

On June 25, 2008, Plaintiff filed an amended complaint and once again asserted a violation of the ADA. Am. Compl. at 1.[2] Plaintiff did not make any additional allegations as to Defendant's conduct, but did allege additional facts regarding her physical impairments. Id. at 2. Plaintiff repeated her claim for damages of $2,000,000. Id. at 2.

## II.  Standard of Review

A plaintiff may be allowed to commence a civil action in forma pauperis, i.e., without payment of court filing fees, when that plaintiff declares in an affidavit to the court that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court receiving such a case, however, must dismiss a case sua sponte if, at any time, it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

---

[2] The Amended Complaint omits many details of the original Complaint. Therefore, the Court chooses to consider both filings together, in light of the Eleventh Circuit Court of Appeals' guidance to construe a pro se litigant's pleadings liberally. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nevertheless, a court is under no duty to "re-write" plaintiff's complaint to find a claim. Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993).

**III.    Discussion**

Although the Amended Complaint suggests that Plaintiff is disabled, see Am. Compl. at 2, Plaintiff's Amended Complaint is still due to be dismissed because it is frivolous and fails to state a claim.[3] As noted in the Court's Order of June 10, 2008, Plaintiff filed a complaint against Defendant, in 2005, addressing the same allegations that are present in Plaintiff's current complaint. See Scott v. Yates, Case No. 3:05-cv-1164-J-25HTS, at 2 (M.D. Fla. Dec. 16, 2005). The 2005 complaint was dismissed on the basis that it failed to state a claim. Id. Therefore, to the extent that Plaintiff's claims against Defendant focus on the same incident and its aftermath, Plaintiff's Amended Complaint should be dismissed as frivolous and repetitive.

Furthermore, even if Plaintiff had not filed a similar complaint against Defendant in 2005, her Amended Complaint should still be dismissed as it also fails to state a claim. Plaintiff's claim that she was denied a bathroom break and that Defendant slandered her in his medical report following his examination do not support a claim of discrimination under the ADA. Moreover, to the extent Plaintiff's claim of slander was brought under state law, the Court lacks jurisdiction over such claim in the absence of any other valid basis for federal

---

[3] This Court is aware of Plaintiff's recent filing (see Scott v. Wackenhut, No. 3:08-cv-405-J-32JRK (Doc. No. 5)) in which Plaintiff expresses her concern that the Court is not properly evaluating each of her numerous complaints. The Court assures Plaintiff that it thoroughly reviews every complaint that comes before it and evaluates each of her complaints independently, on its own merits.

jurisdiction.  See Beyel Bros., Inc. v. Canaveral Port Auth., No. 6:06-cv-752-Orl-31JGG, 2006 WL 2864387, *2 (M.D. Fla. Oct. 5, 2006) (explaining federal jurisdiction over state law claims).

Plaintiff has been afforded an opportunity to amend her Complaint to show how her claims are not subject to dismissal.  Plaintiff's Amended Complaint does not cure these deficiencies, as it fails to allege any additional facts that would establish a claim under the ADA and it fails to address the fact that in 2005 Plaintiff filed a factually similar complaint against Defendant that was subsequently dismissed.  See Am. Compl. at 1-2.

Accordingly, it is

**RECOMMENDED**:

1. Plaintiff's Motion for Leave to Proceed In Forma Pauperis / Affidavit of Indigency (Doc. 4) be **DENIED**.

2. Plaintiff's Amended Complaint (Doc. 6) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915(e)(2)(B)(ii) .

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on July 9, 2008.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bc

Copies to:

Pro se Party